UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARRY SKEINS, JR.,<br><br>　　　　　Defendant. | CASE NO. C14-1457JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Defendant Harry Skeins, Jr.'s objection to the United States' motion to issue a continuing garnishee order for non-wages to garnishee Broadway Bank. (Obj. (Dkt. # 10).) Mr. Skeins challenges the United States' motion (Mot. (Dkt. # 9)) on the grounds that (1) the property that Broadway Bank holds for him should be exempt due to his poor living conditions; (2) he has promptly and properly complied with court orders to repay the restitution in monthly payments; and (3) the remaining balance represented in the government's motion is incorrect. Having considered the submissions

ORDER- 1

of the parties and the relevant law, the court DENIES Mr. Skeins' objection and GRANTS the government's motion.

## II. BACKGROUND

On April 25, 2008, Mr. Skeins was ordered to pay restitution on a criminal matter in the amount of $1,560,000.00. *See United States v. Hawkins, et al.*, No. CR06-0280RSM (W.D. Wash. Apr. 25, 2008). The government contends that as of August 22, 2014, Mr. Skeins has a remaining balance of $1,534,121.96. (Mot. at 2.) Mr. Skeins argues that the remaining balance is actually in the vicinity of $800,000.00. (Obj. ¶ 7.)

On October 17, 2013, the United States filed an application for a writ of garnishment. (Appl. (Dkt. # 1).) On October 23, 2013, the court entered an order to issue a writ of continuing garnishment for non-wages to the garnishee Broadway Bank. (10/23/13 Order (Dkt. # 2).) The United States mailed notification of the garnishment proceeding to Mr. Skeins on October 31, 2013. (Certificate of Service (Dkt. # 5).) Broadway Bank filed an answer to the writ of garnishment on November 12, 2013, indicating that it had control, custody, and possession of an individual account (Account No. ******0022) with an approximate value of $100,910.33 belonging to Mr. Skeins and his wife. (Answer (Dkt. # 6).) Neither Mr. Skeins nor his wife filed an objection or request for a hearing. On December 2, 2013, the court entered an order directing Broadway Bank to continue to hold the funds in Mr. Skeins' account until final disposition of the garnishment action. (12/02/13 Order (Dkt. # 8).)

On August 27, 2014, the United States filed a motion for a continuing garnishment order directing Broadway Bank to deposit the funds in Account No. ******0022 with the

United States District Court for the Western District of Washington to be put towards Mr. Skeins' criminal restitution judgment. (Mot. at 3.) Mr. Skeins filed the instant objection on September 8, 2014. (*See* Obj.)

### III.     ANALYSIS

**A. Timeliness of Mr. Skeins' Motion**

A judgment debtor may contest garnishment proceedings by filing a request for a hearing under 28 U.S.C. § 3202(d) or an objection under 28 U.S.C. § 3205(c)(5). Both of these methods are subject to 20-day time limits. *See* 28 U.S.C. §§ 3202(d), 3205(c)(5). Section 3202 provides that a judgment debtor may request a hearing within 20 days after receiving notice of the initiation of garnishment proceedings. 28 U.S.C. § 3202(d). A judgment debtor can also file an objection to the garnishee's answer and request a hearing under 28 U.S.C. § 3205(c)(5) within 20 days after receipt of the answer. 28 U.S.C. § 3205(c)(5).

Mr. Skeins' filed his objection on September 8, 2014 (*see* Obj.), nearly 11 months after the United States mailed notice of the proceedings to Mr. Skeins (*see* Certificate of Service) and nearly 10 months after Broadway Bank filed its answer. (*See* Answer.) Even considering the time his objection spent with the United States Postal Service, Mr. Skeins submitted his objection past the 20-day period within which judgment debtors must file a written objection or request a hearing. *See* 28 U.S.C. §§ 3205(c)(5), 3202(d).

Courts facing similar situations have held that untimely objections will not be heard. For example, in *United States v. Baldonado*, an incarcerated pro se defendant "completely missed the 20-day period and . . . provided no reason for his failure." *United*

*States v. Baldonado*, No. 2:05-CR-689 TS, 2010 WL 5252415, at *1 (D. Utah Dec. 16, 2010). The court therefore held that his "request for a hearing [was] untimely." *Id.*; *see also United States v. Ernst*, No. 206-CR-10-FTM-29DNF, 2010 WL 3746950, at *5 (M.D. Fla. Sept. 21, 2010) (denying as untimely an objection "filed over 140 days after the Clerk's Notice [of the garnishment proceedings] and over 120 days after the garnishee's answer"); *United States v. Reynolds*, No. CIVA 3:09-CV-2083-L, 2010 WL 1063430, at *1 (N.D. Tex. Mar. 19, 2010) ("Defendant's request for a hearing was not timely [as] it was filed nearly ninety days after the clerk's notice to him.").

Mr. Skeins is a pro se defendant. The statutes, however, make no provision for late filings, even by pro se litigants. *See* 28 U.S.C. §§ 3202(d), 3205(c)(5). Further, Mr. Skeins' only explanation for his delay is that he believed that the government would settle this matter out of court. (Obj. ¶ 13.) The court finds Mr. Skeins' subjective expectation of settlement insufficient to excuse his failure to comply with the statutory time limits. Therefore, regardless of whether Mr. Skeins' objection is construed as a request for a hearing at the notice stage under 28 U.S.C. § 3202(d) or as an objection to Broadway Bank's answer under 28 U.S.C. §3205(c)(5), his submission is untimely and is therefore denied.

**B. Failure to State a Cognizable Claim**

Even if the court were to disregard the untimeliness of Mr. Skeins' submission, the court would still deny his objection because it fails to state a cognizable ground for relief. Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two bases: a valid exemption or the government's failure to

comply with the statutory requirements for the garnishment process. 28 U.S.C. § 3202(d); *see also United States v. Webb*, No. CR-10-1071-PHX-JAT (LOA), 2014 WL 2153954, at *4 (D. Ariz. May 15, 2014). The judgment debtor has the burden of proving that a basis for relief exists.[1] 28 U.S.C. § 3205(c)(5).

Mr. Skeins appears to object to the garnishment of his bank account on three grounds: (1) that he needs the funds held by the garnishee to improve his living condition, (2) that he has properly complied with the court's order to repay the restitution by making monthly payments, and (3) that the amount stated in the government's motion fails to take into account all of the money the government has recovered from him thus far. (Obj. ¶¶ 1, 5, 7). None of these objections has merit.

**1. Inability to Afford the Amount of Garnishment**

Mr. Skeins' first objection appears to consist of an argument that the Broadway Bank account should be exempt from garnishment due to his poor living conditions. (Obj. ¶ 1.) The court may consider "the probable validity of any claim of exemption by the judgment debtor." *See* 28 U.S.C. § 3202(b). Perhaps the most common exemptions are those found in 18 U.S.C. § 3613(a).[2] Generalized financial hardship, however, is not

---

[1] Normally, these issues are dealt with at a hearing. *Webb*, 2013 WL 2153954 at *3-4. Both 28 U.S.C. § 3205 and 28 U.S.C. § 3202 contemplate a request for a hearing by the judgment debtor. 28 U.S.C. § 3205(c)(5); 28 U.S.C. § 3202(d). Section 3202(d) then limits the scope of the hearing to exemptions and compliance with procedural requirements. 28 U.S.C. § 3202(d). However, Mr. Skeins has not requested a hearing in this case. (*See generally* Obj.) Instead, he has stated that he is unable to attend a hearing. (*Id.* ¶ 12.) Therefore, the court will address Mr. Skeins' contentions in the context of the written objections before the court.

[2] Section 3613(a) allows a judgment imposing a fine to be enforced against all property or rights to property of the person fined, except those exempt pursuant to 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. 18 U.S.C. § 3613(a). Section 6334 exempts, in relevant part: (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects; (3) Books and tools of a trade, business, or profession; (4) Unemployment benefits; (5) Undelivered mail; (6) Certain annuity and pension

ORDER- 5

a valid exemption.  *United States v. Mahar*, No. 94-1232, 1994 WL 657089, at *1 (6th Cir. 1994) (holding that defendant's "argument that he is unable to afford the amount of the garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d)"); *see also United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008).  Here, Mr. Skeins cites to no statutory exemption, nor does his bank account fit within an exemption under 18 U.S.C. § 3613(a) or any other exemption of which the court is aware.  Instead, Mr. Skeins relies solely on financial hardship, which the court cannot consider here.  As such, this objection is meritless.

### 2.  Compliance with Monthly Payments

Mr. Skeins' second objection rests on the ground that he has promptly and properly complied with court orders to repay the restitution by making monthly payments of $569.88 from his military retirement pay.  (Obj. ¶ 5.)  The existence of a periodic payment provision in the criminal judgment does not, however, prohibit the United States from seeking a writ of garnishment for more than what the payment provision requires. *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *see also United States v. Bruneau*, No. CR-09-8098-1-PCT-FJM (LOA), 2013 WL 6409518, at *4 (D. Ariz. Oct. 23, 2013).  Thus, Mr. Skeins' second objection is also meritless.

### 3.  Incorrect Amount Stated in the Motion

Lastly, Mr. Skeins asserts that the remaining restitution balance stated in the government's motion is incorrect.  (Obj. ¶ 7.)  The amount stated in the motion is

---

payments; (7) Workmen's compensation; (8) Judgments for support of minor children; (9) Certain service-connected disability payments; and (10) Assistance under Job Training Partnership Act.  26 U.S.C. § 6334 (a) (1)-(8), (10), (12).

$1,534,121.95.  (Mot. at 2.)  Mr. Skeins argues that that the balance is actually in the vicinity of $800,000.00.  (Obj. ¶ 7.)  A defendant may challenge the writ of garnishment by contesting the amount of debt owed.  *See Pugh*, 75 Fed. Appx. at 547 (8th Cir. 2003); *see also United States v. Smith*, 88 Fed. Appx. 981, *1 (8th Cir. 2004).  A defendant claiming partial payment of his restitution debt has the burden of proof, and ambiguous evidence may be discounted.  *United States v. Bush*, 252 F.3d 959, 962-63 (8th Cir. 2001).  A defendant ordered to make restitution is not entitled to credit if he fails to offer proper proof of his repayments.  *Id.* at 962.  When a defendant fails to provide any evidence other than his testimony to corroborate his claim, his objection and request for hearing may be denied.  *See United States v. Pugh*, 445 F.3d 1066, 1068 (8th Cir. 2006); *see also Webb*, 2014 WL 2153954, at *5.

In this case, Mr. Skeins has provided no evidence other than his own testimony to show that he has paid more than the amount stated by the government.  Conversely, the government has supported its contentions regarding the restitution balance by providing a copy of the United States Courts Case Inquiry Report, which shows both the total amount paid and the total amount still owed by Mr. Skeins.  (App. Ex. 1 (Fernandez Decl.) at 12-18.)  Because Mr. Skeins presented only his own testimony as evidence of additional repayment, this objection fails.

In sum, due to the untimeliness of Mr. Skeins' submission and his failure to state a cognizable objection, Mr. Skeins is not entitled to any limitation on the garnishment of his account with Broadway Bank (Account No. ******0022).

ORDER- 7

## IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Skeins' objection (Dkt. # 10) and GRANTS the United States' motion to issue a continuing garnishee order for non-wages (Dkt. # 9).

Dated this 16th day of October, 2014.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 8